**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

TYLER MIRABILE,

      Petitioner,

              Case No. 2:25-cv-1159

  v.

              Judge Michael H. Watson

WARDEN, Richland Correctional
Institution,

              Magistrate Judge Kimberly A. Jolson

      Respondent.

## ORDER and REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the NorthEast Ohio Correctional Center[1], has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the following reasons, the undersigned Magistrate Judge **RECOMMENDS** that this action **be DISMISSED without prejudice** for failure to prosecute.

Petitioner failed to pay the $5 filing fee or file a motion to proceed *in forma pauperis*. That resulted in the Clerk of Court issuing a Notice of Deficiency on October 7, 2025, giving Petitioner 30 days to remedy that deficiency.  (Doc. 2).  He did not.  Petitioner also failed to state any grounds for relief in his habeas corpus petition as required by Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  That resulted in the Court issuing a second Notice of Deficiency on October 9, 2025, giving him 30 days to remedy that deficiency, as well as his failure to pay the filing fee or to file a motion to proceed *in forma pauperis*.  (Doc. 3).  He did not.  Then, on December 18, 2025, the Undersigned gave Petitioner

---

[1]  According to publicly available on-line records, Petitioner is incarcerated at the NorthEast Ohio Correctional Center. https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A837495 But when he filed his Petition, Petitioner was incarcerated at the Richland Correctional Institution. (Doc. 1). It is not clear when Petitioner

30 days to show cause why his Petition should not be dismissed for his failure to comply with the previous Notices of Deficiency.  (Doc. 4).  He did not.

"Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."  *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R..Co.*, 370 U.S. 626, 630-31 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). This authority is considered an "inherent power" necessary for "courts to manage their affairs so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31. Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).  Accordingly, this case should be dismissed for Petitioner's failure to comply with the Court's orders directing Petitioner to remedy deficiencies in his filings.

The Undersigned therefore **RECOMMENDS** that this case be **DISMISSED without prejudice** for want of prosecution.

The Undersigned **further ORDERS** that the Clerk mail a copy of this Report and Recommendation to Petitioner's new address, to wit: NorthEast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH, 44505.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those

---

was transferred from Richland to NorthEast. But the docket does not reflect that any of the mail sent from this Court to Petitioner, presumably to Richland, was returned as undeliverable.

portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED AND RECOMMENDED.**

Date:   February 9, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

3